# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LeKENDRICK LAWUN MURPHY,

       Plaintiff,

                                      Case No. 08-14141

v.                                   Hon. Gerald E. Rosen

DANIEL GAUL,

       Defendant.

_____/

## ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(e)(2)(B)

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     November 12, 2008

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

Plaintiff LeKendrick Lawun Murphy submitted his *pro se* complaint in this case on September 26, 2008, apparently alleging that Defendant Daniel Gaul, a state court judge in Ohio, made rulings that violated Plaintiff's right to a speedy trial as well as other rights protected under the U.S. Constitution or federal law. Accompanying Plaintiff's complaint was an application to proceed *in forma pauperis,* which this Court has now granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court readily concludes that this suit must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B)(i), upon permitting a plaintiff to proceed *in forma pauperis,* the Court nevertheless may "dismiss the case at any time if the court determines that . . .

the action . . . is frivolous." See also Gibson v. R.G. Smith Co., 915 F.2d 260 (6th Cir.

1990). The Supreme Court has defined a "frivolous" action as one which "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.

Ct. 1827, 1831-32 (1989). The present suit is readily characterized as frivolous under this

standard, where Plaintiff complains solely of actions taken by a state court judge who

enjoys broad and absolute immunity from liability for actions taken in his judicial

capacity. See Stern v. Mascio, 262 F.3d 600, 606-07 (6th Cir. 2001). To the extent that

Plaintiff is dissatisfied with a state court's rulings, his proper recourse is a state court

appeal, and not a separate federal suit against the presiding judge. Moreover, while

Plaintiff purports to assert a claim under 18 U.S.C. § 241, the courts have confirmed that

there is no private right of action under this criminal statute. See, e.g., Krajicek v. Justin,

No. 98-1249, 1999 WL 195734, at *1 (6th Cir. Mar. 23, 1999).

      For these reasons,

      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED

that this case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B).


Dated: November 12, 2008

                      s/Gerald E. Rosen
                      United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager